Argued and submitted April 23, reversed and remanded June 9, 1980

SCHMIDT, et ux,
*Petitioners,*

*v.*

BUILDERS BOARD, et al,
*Respondent.*

(No. D-C152, CA 15603)

612 P2d 312

Marion B. Embick, Salem, argued the cause for petitioners. With him on the brief was Brand, Lee, Ferris & Embick, Salem.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Builders Board.

Walter D. Nunley, Medford, argued the cause and filed the brief for respondent Dale Meyers.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

**RICHARDSON, P. J.**

Petitioners filed a complaint with the Builders Board (Board) pursuant to ORS 701.145, contending that the builder of their home, respondent Raymond Meyers, improperly graded the yard around their home. The Board adopted the recommendations of the hearings officer and awarded petitioners $350. Petitioners appeal, contending that the hearings officer did not consider all the evidence in making his determination; that the Board's order reopening the hearing was unlawful; and that certain evidence was improperly admitted. We reverse and remand for further proceedings.

Petitioners complained that Meyers had graded the slope of their yard to a greater angle than permitted by the city building code. After receiving the complaint, the Board referred the complaint to hearings officer Sorensen. The Board's regular investigator was unavailable and a temporary investigator was hired to inspect petitioners' property. The investigator filed a report recommending that the lot be terraced or a retaining wall be constructed. The report was submitted to the hearings officer and, in addition to other evidence presented, the investigator and petitioner Robert Schmidt testified. Their testimony was recorded on audio tape.

Hearings officer Sorensen did not, at that time, make written findings of fact or conclusions.[1] The Board, on the basis of the investigator's report, notified Meyers he had 60 days to comply with the investigator's recommendations.

At the request of Meyers, the Board had the petitioners' property reinspected by the regular investigator. Petitioners objected to the new inspection. The Board, again at the request of Meyers, ordered that the hearing be reopened for further evidence.

[1] Sorensen's findings of fact and conclusions were subsequently served on the parties. He recomended awarding petitioners $5,450.

[511]

The reopened hearing was held before hearings officer Pesola. At the commencement of the hearing the parties entered into the following stipulation:

"Mr. Pesola: Okay, there's a, I understand that both parties stipulate to the introduction of the exhibits * * *. Is that correct?

"Ms. Embick [Counsel for petitioners]: That's correct.

"Mr. Nunley [Counsel for respondent Meyers]: So stipulated.

"Mr. Pesola: Okay. They are admitted.

"Ms. Embick: I would further propose for stipulation that the testimony at the last hearing *as it now exists on tapes, be made available and be a part of the record of this hearing, so that in fact it would be considered and listened to by the Hearings Officer.*

"Mr. Nunley: I would so stipulate.

"Mr. Pesola: Okay, that's admitted." (Emphasis added.)

Hearings officer Pesola, in his recommended findings and conclusions, found that the petitioners had proved their claim to the extent of $350. The Board issued a final order adopting Pesola's findings, conclusions and recommendations.

Respondent Meyers concedes that Pesola did not listen to any of the audio record made during the first hearing. It is also conceded that the audio tapes of the testimony of Robert Schmidt and the first investigator are missing.

Petitioners argue that the Board's order is invalid because it was not based on a consideration of all the evidence admitted in the hearing. Respondent contends the hearing before Pesola was a new hearing and the only evidence he was required to consider was that received at the new hearing.

It is clear from the Board's order reopening the hearing and the stipulation of the parties that the second hearing was a continuation of the first and that the evidence, including the testimony produced at the

first hearing, was to be considered by Pesola. We conclude that the order of the Board, not being based on all the evidence, is invalid. ORS 183.450(5). We reverse the order and remand the case to the Board for consideration of the whole record. Because a portion of the testimony recorded at the first hearing is no longer available, petitioners are entitled to an opportunity to present that testimony.

In the second assignment of error petitioners contend that the order of the Board reopening the hearing was invalid and that the Board should have acted upon the findings and recommendations of the first hearings officer. At a meeting of the Board for consideration of Meyers' request to reopen the hearing, petitioners conceded that the Board had such authority but requested that the hearing be expanded to allow consideration not only of the new investigation report but further evidence and the record of the prior hearing. The Board's order reopening the hearing and the parties' stipulation accorded petitioners that opportunity.

Petitioners' final contention that the report of the second investigation was irrelevant is not well taken.

The order of the Board is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.